**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 1:CR-19-259** |
| | : | |
| v. | : | **(Judge Jones)** |
| | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANDERSON ORTIZ** | : | |

**MEMORANDUM AND ORDER**

## I. Introduction

This case comes before us for consideration of a motion for pre-trial release filed by the defendant. (Doc. 164). This is the third time we have considered the question of bail or detention for the defendant. Initially, at the time of the defendant's arrest, we ordered Ortiz held pending trial. Later, in May of 2020 Ortiz sought temporary release pursuant to 18 U.S.C. § 3142(i), which provides that:

> The judicial officer may, . . ., permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142 (i). This second motion was premised upon the prevalence of COVID-19 and the health concerns that this pandemic created for Ortiz while in custody. On May 29, 2020, we denied the defendant's motion for pretrial release, in which the defendant asserted that the COVID-19 pandemic justified his temporary release from pre-trial detention, given the dangers of infection which may result

from close confinement in a custodial setting. (Doc. 156). On this score, we found that Ortiz's concerns regarding the COVID-19 virus were speculative, as he did not provide clinical support for his assertion that he suffers from asthma, included no indication that he takes any medication for this condition, and gave us no evidence that he experiences difficulties because of his condition. Moreover, Ortiz's criminal record began when he was a juvenile. This record included a history of violence or use of weapons, prior failure to appear in court and prior attempts to evade law enforcement. Indeed, the defendant was adjudicated delinquent on an escape charge as well as drug trafficking and firearms charges, charges that mirror the instant federal offenses in this case. In addition, we noted that Ortiz had encountered further legal trouble since his detention hearing, having been charged with possession of contraband while detained in Dauphin County Prison. Thus, we found Ortiz's case profoundly disturbing since it appeared that Ortiz has a history of recidivism and has refused to obey the law even when he has been held in jail.

The instant motion for release does not dispute our prior findings, but instead propounds two new third-party custodians with whom he can stay during the COVID-19 pandemic. These third-party custodians were not introduced during Ortiz's first hearing, and the defendant therefore asserts that this change in circumstances should be sufficient to alter our prior determination. We have afforded all parties the opportunity to make evidentiary presentations in support of their

respective positions regarding temporary release for the defendant, and therefore, this motion is ripe for resolution.

We again acknowledge the gravity of the defendant's concerns, which are shared by all Americans as this nation faces a pandemic without precedent in the past century of our nation's history. We additionally acknowledge the reality that the Dauphin County Prison has had a recent outbreak of COVID-19 cases, and thus some inmates in the facility may now be at a greater risk of contracting the virus. In addressing the instant motion, we must assess these individual concerns, apply the legal benchmarks mandated by Congress, and weigh these concerns against the important societal interests promoted by the Bail Reform Act, which calls for the detention of those defendants who present a danger to the community. Having conducted an individualized assessment of the facts and circumstances presented in this case, for the reasons set forth below, it is ordered that the motion for release is DENIED.

## II.     Factual Background and Procedural History

As we outlined in our prior memorandum opinion denying the defendant's motion for pretrial release, on August 14, 2019, the defendant was charged with the distribution of a controlled substance in violation of 21 U.S.C. § 841(a). Initial proceedings were then conducted in this case on August 15, 2019. At that time, the

United States moved pursuant to 18 U.S.C. § 3142 to detain the defendant pending trial.

Following a hearing, we ordered the defendant detained pursuant to 18 U.S.C. § 3142, finding that the defendant presented a risk of flight and danger to the community, and that there was no condition or combinations of conditions which could assure the safety of the community or the defendant's appearance in court as required. On this score, we specifically found that the following factors supported the pre-trial detention of the defendant: his prior criminal history, a history of violence or use of weapons, prior failure to appear in court and prior attempts to evade law enforcement. After these initial proceedings, a superseding indictment was filed, charging the defendant with additional drug trafficking charges, as well as possession of a firearm in furtherance of this drug trafficking activity. Initial proceedings were held with respect to the charges filed in the superseding indictment, and we again ordered the defendant's continued detention. While Ortiz was in custody awaiting trial on these federal charges, it was alleged that he was found to be in possession of contraband in prison, a violation of state law. This contraband possession case is pending against Ortiz and provides graphic proof of the defendant's recidivism since Anderson Ortiz has been charged with crimes committed while he was in jail awaiting trial for these federal crimes.

The instant motion for release does not focus upon or directly challenge any of these prior detention findings or determinations. Nor does Ortiz challenge our prior finding that the current COVID-19 pandemic does not justify his release. Instead, the defendant's motion for release rests upon new proposed third-party custodians who were not present during the defendant's prior bail and detention proceedings.

## III. Discussion

In the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, Congress created a comprehensive set of statutory guidelines governing release and detention decisions for criminal cases in federal court. As one court has recently observed:

> Before this Court can turn to the analysis under 18 U.S.C. § 3142(i), it is essential to look at the overarching structure of the statute. The fundamental precept of the Bail Reform Act mandates the release of individuals so long as the court can be reasonably assured the defendant does not pose a flight risk or danger to the community. 18 U.S.C. § 3142. To the extent that conditions, or a combination of conditions, can be fashioned to reasonably provide such assurances, the individual must be released, as detention is "the carefully limited exception." Id.; see also United States v. Salerno, 481 U.S. 739, 755 (1987).
>
> In assessing what conditions, if any, can be fashioned, judges are directed to take into account available information pertaining to the factors identified under 18 U.S.C. § 3142(g). Those factors include the nature and circumstances of the offense charged, including whether it involves controlled substances or firearms; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the detainee was on probation, parole, or other court supervision at the time of the allegedly offensive conduct; and the nature and seriousness of the

danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g). Ultimately, the information provided in each case aids in the individualized assessment that will result in the release or the detention of the person.

United States of America v. Cox, 2020 WL 1491180, *2 (D. Nev. Mar. 27, 2020).

Beyond this individualized assessment mandated by law, the Bail Reform Act also enjoins us to weigh release and detention decisions against a series of statutory presumptions. Principal among these presumptions which guide us in this custodial calculus are a series of statutory presumptions in favor of detention for defendants charged with violent crimes, serious drug trafficking offenses, or crimes involving the sexual exploitation of the most vulnerable in society, our children. As to these defendants, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed," one of these enumerated offenses. 18 U.S.C. § 3142 (e)(3). In this regard, it is also well-settled that an "indictment [charging an enumerated offense] is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)." United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986).

It is against these legal benchmarks that we evaluate the instant request for release from custody. While Ortiz's current motion does not directly reassert claims for temporary release due to the COVID-19 pandemic, as part of our comprehensive

6

review of this matter, we are independently assessing whether the pandemic, in conjunction with the other factors we must consider, would now warrant temporary release under 18 U.S.C. § 3142(i). As discussed below, we conclude that these factors, singly and combined, do not justify release for Ortiz.

Our analysis of this motion begins with the proposition that "[w]hile the COVID-19 pandemic has given rise to exceptional and exigent circumstances that require the prompt attention of the courts, it is imperative that they continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief." United States v. Roeder, No. 20-1682, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020). In this case, our careful and impartial application of the legal standards mandated by § 3142(i), requires us to assess both the public safety grounds for the defendant's initial detention as well as: (1) the specificity of the defendant's stated COVID-19 concerns; (2) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (3) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

As we explained with respect to Ortiz's first motion for temporary release, it is clear that under § 3142(i), we cannot grant release of a defendant previously deemed to be a danger to public safety or a risk of flight "based solely on the generalized risks that COVID-19 admittedly creates for all members of our society."

United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *6 (D.D.C. Mar. 30, 2020). In this case, the defendant is 21 years old and does not assert that he suffers from any clinically proven medical conditions that place him at a higher risk of contracting COVID-19. However, the most recent reports from the United States Marshal's Service indicate that there have been a significant number of confirmed cases of COVID-19 between inmates and staff at DCP in the recent weeks. Thus, we recognize the gravity of the situation at DCP, but we must still weigh these concerns against the substantial public safety considerations which led us to order the defendant's detention in the first instance.

In this case, the following factors, unique to the defendant, compelled the decision to detain the defendant as a risk of flight and danger to the community: his prior criminal history, history of violence or use of weapons, prior failure to appear in court and prior attempts to evade law enforcement were particularly troubling. Indeed, the defendant was adjudicated delinquent on an escape charge as well as drug trafficking and firearms charges, charges that mirror the instant federal offenses in this case. In addition, Ortiz has encountered further legal trouble since his detention hearing, having been charged with possession of contraband while detained in Dauphin County Prison. This is a profoundly disturbing fact since it indicates that Ortiz has refused to obey the law even when he has been held in jail.

Thus, the public safety concerns which animate any decision under the Bail Reform Act continue to weigh heavily in favor of the defendant's detention pending trial.

These profound safety concerns are not alleviated by Ortiz's proposed third-party custodians, his mother and grandmother. On this score, we note that the testimony of Ortiz's mother revealed that she was seemingly unaware of her son's extensive criminal record which entailed multiple drug-related entanglements with law enforcement, revealed repeated juvenile adjudications and adult convictions, and reflected on-going criminal recidivism by the defendant from the age of 14. Moreover, the third party custodian voiced some confusion regarding her own criminal record, which included an escape conviction and parole revocation proceedings. Such matters have obvious relevance when weighing the suitability of a third party custodian who must ensure that the defendant complies with rules of supervision and does not flee. Ideally, a third party custodian, who is charged with these responsibilities, should not herself have a prior criminal record for escape and violating parole. Thus, while we do not doubt the sincerity with which these proposed third-party custodians have approached this hearing, we are unable to determine that Ortiz would be compliant with law enforcement, given his penchant for breaking the law even in his current correctional facility and we find that the proposed third party custodian would not be suitable.

In sum, while we recognize the dangers posed by the global pandemic, particularly in the prison context, we also recognize that the "existence of some health risk to every [] prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" United States v. Roeder, 807 F. App'x 157, 161 n. 16 (3d. Cir. 2020). Accordingly, we find that the defendant's lack of clinically proven medical conditions, combined with his extensive criminal history and inappropriate third-party custodians, weigh in favor of his continued detention, and we will deny the motion for reconsideration.

### IV.  Conclusion

Weighing and balancing these countervailing considerations, we conclude that the defendant's motion for reconsideration will be DENIED. "Because the Court is mindful that both the conditions in . . . jail and the COVID-19 pandemic itself are both rapidly evolving, it will entertain a renewed request for release if—at some point in the future—it becomes clear" that there are compelling reasons that justify the defendant's release. United States of America v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020). Therefore, this order is entered without prejudice to renewal of this motion at some future date should the defendant's circumstances materially change.

An appropriate order follows.

So ordered this 7th day of August 2020.

*/s/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 1:CR-19-259** |
| | : | |
| **v.** | : | **(Judge Jones)** |
| | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANDERSON ORTIZ** | : | |

## ORDER

In accordance with the accompanying Memorandum Opinion, the defendant's motion for reconsideration is DENIED. "Because the Court is mindful that both the conditions in . . . jail and the COVID-19 pandemic itself are both rapidly evolving, it will entertain a renewed request for release if—at some point in the future—it becomes clear" that there are compelling reasons that justify the defendant's release. United States of America v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020). Therefore, this order is entered without prejudice to renewal of this motion at some future date should the defendant's circumstances materially change.

So ordered this 7th day of August 2020.

/s/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge